# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:11cv301

| | | |
|---|---|---|
| JESSICA SIMPSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| AMYLIN PHARMACEUTICALS, INC., | ) | |
| TODD BILLINGSLEY, DENISE | ) | |
| PRINDIVILLE, and CAROLINE | ) | |
| ESPREE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 3]. Plaintiff

brought this action against Defendants asserting various claims related to her

termination. Defendants move to dismiss the gross negligence claim. The Court

**RECOMMENDS** that the District Court **GRANT** the motion [# 3].

## I.     Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the

complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d

186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the

Court accepts the allegations in the complaint as true and construes them in the

light most favorable to plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com,

Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although

the Court accepts well-pled facts as true, it is not required to accept "legal

conclusions, elements of a cause of action, and bare assertions devoid of further

factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also

Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must

contain sufficient factual allegations to suggest the required elements of a cause of

action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-

65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic

recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at

555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned,

the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S.

____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief

that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974;

see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255.

The mere possibility that the defendants acted unlawfully is not sufficient for a

claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256;

Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must

move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570,

127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

## II.    Background[1]

Defendant Amylin Pharmaceuticals, Inc. ("Amylin") is a Delaware

corporation engaged in the development and marking of pharmaceuticals. (Pl.'s

Am. Compl. ¶ 2.) Plaintiff is a resident of North Carolina and a former employee

of Defendant Amylin. (Id. ¶¶ 1, 10-11.) Plaintiff was terminated on February 2,

2010, after several years of employment with Defendant Amylin. (Id. ¶¶ 10-11.)

Defendants Todd Billingsley, Denise Prindiville, and Caroline Espree (collectively,

the "Individual Defendants") were managers at Defendant Amylin, and each had

supervisory authority over Plaintiff. (Id. ¶¶ 3-5.)

Approximately, two months prior to her termination, Defendant Billingsley

---

[1] The Court has disregarded the numerous legal conclusions contained in the Amended Complaint such as Paragraph 68. See Consumeraffairs.com, 591 F.3d at 255. In ruling on Defendants' motion, the Court has only considered the well pled factual allegations contained in the Amended Complaint. Id.

learned that Plaintiff was pregnant through a sales representative for another

company. (Id. ¶ 17.) A month later, during a January 13, 2010, meeting, Plaintiff

informed Billingsley that she was pregnant and that she would be off work for

several months following the birth of her child in July. (Id. ¶ 28.) The next day,

Plaintiff received a Field Activity Report from Defendant Billingsley that was

critical of her job performance. (Id. ¶ 31.) Plaintiff contends that this report was

the first time she had received a negative job performance review from Defendant

Billingsley. (Id.)

On January 28, 2010, Plaintiff met with Defendants Billingsley and

Prindiville, who questioned her regarding her whereabouts during the week of

January 11, 2010. (Id. ¶ 33.) After the meeting, Defendant Prindiville placed

Plaintiff on paid administrative leave. (Id.) The next day, Defendant Prindiville

told Plaintiff that she was being terminated for submitting false records of sales

calls and not working full days in her territory on January 12, 2010, and January

14, 2010. (Id. ¶ 34.) Defendants contend that Plaintiff did not visit Asheville

Endocrinology on January 12, 2010, as she reported. (Id.) Plaintiff denied the

claims and contends that she submitted documentation to Defendant Espree on

January 29, 2010, showing that the records she submitted were accurate, and that

she did, in fact, visit Asheville Endocrinology on January 12, 2010. (Id. ¶ 36.)

Plaintiff also contends that the Individual Defendants did not contact any of the physicians at Asheville Endocrinology to investigate whether she was there on the date in question. (Id. ¶ 38.)

Defendant Amylin terminated plaintiff's employment on February 2, 2010. (Id. ¶¶ 39-40.) Plaintiff was replaced by a male. (Id. ¶ 42.) The Complaint alleges that the reasons offered by the Individual Defendants for her termination were false and were a pretext for unlawful gender discrimination. (Id. ¶ 41.) Plaintiff then brought this action asserting claims for gender discrimination under Title VII of the Civil Rights Act of 1964, wrongful termination, gross negligence, and tortious interference with contract. Defendants moved to dismiss the gross negligence claim. Defendants' motion is now properly before this Court for a Memorandum and Recommendation to the District Court.

**III    Analysis**

Gross negligence is "'wanton conduct done with conscious or reckless disregard for the rights and safety of others.'" Yancy v. Lea, 550 S.E.2d 155, 157 (N.C. 2001) (quoting Bullins v. Schmidt, 369 S.E.2d 601, 603 (1988)); see also Eckard v. Smith, 603 S.E.2d 134, 139 (N.C. Ct. App. 2004). In order to state a claim for gross negligence, a plaintiff must allege each of the elements of a negligence claim - duty, causation, proximate cause, and damages - as well as

wanton conduct.  Clayton v. Branson, 623 S.E.2d 269, 264 (N.C. Ct. App. 2005);

Toomer v. Garrett, 574 S.E.2d 76, 92 (N.C. Ct. App. 2002); Dove v. Harvey, 608

S.E.2d 798, 802 (N.C. Ct. App. 2005).  "'An act is wanton when it is done of

wicked purpose, or when done needlessly, manifesting a reckless indifference to

the rights of others.'" Yancy, 550 S.E.2d at 157 (quoting Foster v. Hyman, 148

S.E.36, 37-8 (N.C. 1929)); see also Eckard, 603 S.E.2d at 129.  Thus, the

difference between negligence and gross negligence lies in the intentional or

deliberate character of the actions of the defendant that are done purposefully and

with the knowledge that the action is a breach of duty to plaintiff.   Yancy, 550

S.E.2d at 157.  "Wanton and willful negligence rests on the assumption that he

knew the probable  consequences, but was recklessly, wantonly or intentionally

indifferent to the results." Clayton, 613 S.E.2d at 265-66 (quoting Wagoner v.

N.C. R. Co., 77 S.E.2d 701, 706 (N.C. 1953)).  When the damage or injury itself is

intentional, then the "act or conduct moves beyond the realm of negligence . . . ."

Yancy, 550 S.E.2d at 157; Brewer v. Harris, 182 S.E.2d 345, 350 (N.C. 1971).

    Plaintiff contends that Defendants owed her a "duty to refrain from taking

adverse employment actions against Plaintiff . . . because of her gender and/or

pregnancy."  (Pl.'s Am. Compl. ¶ 66.)   Put another way, Defendants owed

Plaintiff a duty not to terminate her because of her gender. This is the only duty

alleged in the Amended Complaint.  The Amended Complaint further alleges that:

> Defendants willfully, wantonly, and/or recklessly breached the aforementioned duties during, and following, Plaintiff's employment by . . . failing to investigate her explanations for the accusations regarding her conduct on January 12 and/or 14, 2010; by issuing a Field Activity Report that contained false and unfounded accusations regarding her job performance; by making false and ungrounded  accusations regarding her activities on January 12 and/or 14, 2010, as part of an effort to terminate her for unlawful, discriminatory reasons; for terminating Simpson for unlawful, discriminatory reasons; for knowingly alleging pretextual and false reasons for Simpson's termination . . . .

(Id. ¶ 67.)  Finally, the Complaint alleges that as a result of the conduct of

Defendants, Plaintiff was terminated from her employment.  (Id. ¶ 70.)

As a threshold matter, the action and injury that forms the basis of Plaintiff's

complaint - the termination of her employment because of her gender- was an

intentional act by the Defendants.  As such, Plaintiff's claim cannot sound in

negligence.  See Yancy, 550 S.E.2d at 157.  Although Plaintiff correctly points out

that the Court in Bumgardner v. Spotless Enters., Inc., 287 F. Supp. 2d 630, 638

(W.D.N.C. Oct. 2003) (Thornburg, J.), noted that a wrongful termination could be

based on negligent conduct where a supervisor negligently relies on improper

information in deciding to discharge him, Bumgardner is not applicable to this

case.

Here, Plaintiff is attempting to assert a gross negligence claim against all of

the Defendants based on their alleged intentional gender discrimination against her.

The Amended Complaint alleges that Defendants acted knowingly and intentionally when they used false reasons to intentionally terminate her as a pretext for unlawful gender discrimination. (Pl.'s Am. Compl. ¶¶ 41, 53, 67.) Such allegations cannot state a claim for gross negligence. See Yancy, 550 S.E.2d at 157.[2] Although Plaintiff may plead a claim in the alternative, the Amended Complaint must still contain factual allegations supporting such a claim. The Court finds that the Amended Complaint fails to state a claim for gross negligence based on the alleged breach of Defendants' duty to refrain from taking adverse employment actions against Plaintiff. Plaintiff's remedy for such conduct lies in a claim pursuant to Title VII for intentional gender discrimination, not gross negligence under state law.

Moreover, the gross negligence claim Plaintiff asserts in this case is based on the same conduct that gives rise to her Title VII claim and is subject to dismissal because a plaintiff may not maintain a negligence claim based on a defendant's alleged failure to comply with the dictates of Title VII. See Crosten v.

_____

[2] Plaintiff does not allege that any of the Individual Defendants had a duty to investigate more fully the accusations regarding her conduct on the days Defendants contend she falsified records or even that the Individual Defendants negligently relied on incorrect information. In addition, this is not a case where Plaintiff has alleged that Defendant Amylin negligently retained, employed, or supervised the employee who discriminated against her. See Harrision v. Edison Bros. Apparael Stores, Inc., 151 F.3d 176, 178 (4th Cir. 1998).

Kamauf, 932 F. Supp. 676, 684 (D. Md. 1996) (dismissing negligence claim because it "merely restate[s] the claim brought under Title VII . . . "); Mwabira-Simera v. Thompson Hospitality Servs., LLP, No. WMN-11-2989, No. 2012 WL 959383, at *5 (D. Md. Mar. 20, 2012) (same); Brown v. Children's Nat. Med. Ctr., 773 F. Supp. 2d 125, 138-39 (D.D.C. 2011) (holding that negligence claim was duplicative of Title VII claim and subject to dismissal). Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 3].

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 3] and dismiss Count Three.

Signed: April 9, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).