IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv301

| | |
|---|---|
| JESSICA SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| AMYLIN PHARMACEUTICALS, INC., ) | |
| TODD BILLINGSLEY, DENISE ) | |
| PRINDIVILLE, and CAROLINE ESPREE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 3].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On April 9, 2012, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion. [Doc. 7]. The Plaintiff timely filed objections to that recommendation. [Doc. 8; Doc. 9].

## PROCEDURAL HISTORY

On November 8, 2011, the Defendants timely removed this action from state court. [Doc. 1]. In the Amended Complaint, the Plaintiff has alleged that she was employed by Amylin Pharmaceuticals, Inc. (Amylin) from April 2005 until her termination on February 2, 2010. [Doc. 1-3 at 2-3]. The Plaintiff has alleged claims for a violation of Title VII, 42 U.S.C. §§2000, et. seq., based on her gender and pregnancy; a violation of North Carolina's Equal Employment Protection Act (EEPA), N.C. Gen. Stat. §143-422.2; gross negligence; and tortious interference with contract.

On November 8, 2011, the Defendants moved to dismiss the Plaintiff's claim for gross negligence for failure to state a claim upon which relief may be granted. [Doc. 3]. As noted above, the Magistrate Judge has recommended that this motion be granted and the Plaintiff has timely filed objections.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a de novo standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d

2

1415 (5th Cir. 1996). If a party makes only general objections, de novo review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d

3

at 622.

The Plaintiff has not objected to the Magistrate Judge's statement of the standard of review to be applied to motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 9]. Having reviewed the standard as stated, the Court finds it is legally accurate and adopts it.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

The motion to dismiss is limited to the claim for gross negligence. Plaintiff alleges that Defendant Amylin develops and markets pharmaceuticals, and that Plaintiff worked as a representative of the company making sales calls on physicians' practices. She alleges that until announcing her pregnancy and intention to take maternity leave, she had been given consistently satisfactory performance evaluations. [Doc. 1-3 at 2-3]. On January 10, 2010, Todd Billingsley (Billingsley), who was the district sales manager and Plaintiff's immediate supervisor, instructed the employees in the Asheville division of Amylin that they should use their best judgment to decide whether to travel during inclement weather. [Id. at 3]. On January 12, 2010, the Plaintiff determined not to make a planned sales call to a practice in Morganton due to snow and instead worked at home after meeting with a local

physicians' practice. [Id. at 3-4]. The next day, she informed Billingsley during a breakfast meeting of her pregnancy, her planned cesarean section birth and her planned maternity leave. [Id.]. On January 14, 2010, the Plaintiff received a report from Billingsley which was, for the first time in her work history, critical of her performance. [Id.].

On January 28, 2010, the Plaintiff met with Billingsley and Denise Prindiville (Prindiville), Amylin's regional manager. At the beginning of the meeting, the Plaintiff informed Prindiville of her pregnancy, the planned caesarian birth and her scheduled maternity leave. [Id. at 5]. During the rest of the meeting, Billingsley and Prindiville questioned the Plaintiff about her actions during the week of January 10, 2010 and placed her on paid administrative leave. [Id.].

The next day the Plaintiff had a conference call with Billingsley, Prindiville and Carolina Espree (Espree), Amylin's human resources manager. [Id.]. Prindiville told the Plaintiff that she was being terminated for submitting false records of sales calls on January 12 and 14, 2010, and failing to work full days on those occasions. [Id.]. The Plaintiff denied the accusations and requested an opportunity to submit documentation confirming that these claims were untrue. [Id.]. Espree rescinded the termination and allowed the

5

Plaintiff to make such submissions. [Id.]. On that same day, the Plaintiff provided the documentation regarding those sales calls to Espree. [Id.].

The Plaintiff alleges that the Defendants rejected the information she provided without making an independent investigation, such as calling the physicians whom she visited. [Id.]. On February 2, 2010, she was terminated during a conference call with Billingsley, Prindiville and Espree. [Id.]. She later received a letter confirming the termination. [Id.].

The Plaintiff alleges that Billingsley has discriminated against two other female employees of Amylin based on their taking medical and maternity leave. [Id. at 6].

In the Complaint, it is alleged that the Defendants owed a duty to the Plaintiff to refrain from taking adverse employment actions based on her gender and pregnancy. [Id. at 9]. They are alleged to have "willfully, wantonly, and/or recklessly breached" that duty by (1) failing to investigate her explanations surrounding the accusations against her; (2) issuing a performance report which contained false and inaccurate accusations; and (3) making false accusations concerning her job performance on January 12 and 14, 2010. [Id.]. It is alleged that this conduct occurred because of the Defendants' desire to terminate her based on her gender and pregnancy.

6

[Id.]. Amylin is alleged to have "condoned and/or ratified the negligent conduct of" Billingsley, Prindiville and Espree. [Id.]. The Plaintiff's termination was allegedly the proximate result of such conduct. [Id.].

## DISCUSSION

The Plaintiff does not object to the Magistrate Judge's statement of the elements of a gross negligence claim: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach was a proximate cause of the injury; (4) the plaintiff was injured as a result thereof and (5) the defendant's conduct was willful, wanton, or done with reckless indifference. Sawyer v. Food Lion, Inc., 144 N.C.App. 398, 549 S.E.2d 867 (2001).

> Willful conduct is done with a deliberate purpose. Conduct is willful when it is carried out with a wicked purpose or with reckless indifference. Thus, gross negligence encompasses conduct which lies somewhere between ordinary negligence and intentional conduct.

Id. at 870 (internal quotations and citations omitted).

The issue that is dispositive of Plaintiff's objections is addressed in Plaintiff's third objection to the Memorandum and Recommendation. The Magistrate Judge concluded that "the gross negligence claim Plaintiff asserts in this case is based on the same conduct that gives rise to her Title VII claim and is subject to dismissal because a plaintiff may not maintain a negligence

7

claim based on a defendant's alleged failure to comply with the dictates of Title VII," citing Crosten v. Kamauf, 932 F. Supp. 676, 684 (D. Md.1996); Mwabira-Simera v. Thompson Hospitality Services, LLP, 2012 WL 959383 (D.Md. 2012); and Brown v. Children's Nat. Medical Center, 773 F.Supp.2d 125, 138-39 (D.D.C. 2011). [Doc. 7 at 8-9]. See also, Samuels v. Two Farms, Inc., 2012 WL 261196 (D.Md. 2012) (citing Perry v. FTData, Inc., 198 F.Supp.2d 699 (D.Md. 2002)); Wade v. Washington Metropolitan Area Transit Authority, 2005 WL 1513137 **6 (D.D.C. 2005) ("The precisely drawn, detailed Title VII preempts the more general common law negligence remedy.") (citation omitted). "When, as here, the victim of a discriminatory act [does not] allege[ ] a harm apart from discrimination, Title VII ... preclude[s] her from suing under a common law tort theory to remedy that [same] injury." Boyd v. O'Neill, 273 F.Supp.2d 92, 96 (D.D.C. 2003); Stewart v. Thomas, 538 F.Supp. 891, 896 (D.D.C. 1982).

Plaintiff objects to this proposed conclusion on the basis that the Magistrate Judge "fails to cite any case from the North Carolina state or federal courts for this proposition." [Doc. 8 at 3]. Whether Title VII preempts common law tort claims would be a matter of federal law. Plaintiff does not give any reason why decisions of the North Carolina state courts would have

8

any bearing on this matter. Moreover, Plaintiff fails to cite any federal court decisions contrary to the many on this point cited by the Magistrate Judge and cited above. Interestingly, the one case that the Plaintiff does cite, Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180-81 (4th Cir. 1998), undercuts Plaintiff's point rather than support it.

In support of the objection, the Plaintiff cites Guthrie v. Conroy, 152 N.C. App. 15, 567 S.E.2d 403 (2002), in which, she argues, the North Carolina Court of Appeals held that a tort claim is not duplicative of a Title VII claim. The plaintiff in Guthrie, however, did not allege a claim pursuant to either Title VII or the EEPA. Her claims were intentional and negligent infliction of emotional distress, negligent retention and supervision, and assault. In concluding that the plaintiff's tort claims survived, the Court noted that she had *not brought a Title VII claim* and thus had no need to administratively exhaust remedies prior to suing in tort. Id. The Court also stated that the "elements and legal prerequisites of her claims are quite different from those of a Title VII claim." Id. Plaintiff's reliance on Guthrie is strained at best. For these reasons, this objection of the Plaintiff is overruled.

The legal conclusion concerning the availability of common law tort claims based on the same conduct alleged to violate Title VII would appear

9

to dispose of all of Plaintiff's objections. Nonetheless, the Plaintiff's other two objections will be addressed.

Plaintiff objects to the Magistrate Judge's proposed conclusion "that a gross negligence claim may not be based upon the statutory and common-law [sic] duty not to engage in gender/pregnancy discrimination." [Doc. 8 at 2]. Plaintiff argues this is inconsistent with the decision in Toomer v. Garrett, 155 N.C. App. 462, 574 S.E.2d 76 (2002), disc. rev. denied 357 N.C. 66, 579 S.E.2d 576 (2003). That case, however, is inapposite. In Toomer, a state employee brought an action based on violations of state and federal constitutional rights, 42 U.S.C. §1983 and in gross negligence because the defendant disclosed and disseminated the contents of his state personnel file, in violation of a *state* statute. There was no Title VII claim, in fact no claim based on discrimination of any kind. Based on this, the Plaintiff here makes the substantial logical leap to assert that a gross negligence claim may be predicated on a violation of any statutory duty, including the statutory mandate not to discriminate based on gender. Plaintiff, however, cites no authority from any jurisdiction to support this assertion. Plaintiff chooses to simply ignore the apparently unanimous case law that a violation of Title VII cannot serve as a basis for a negligence (or gross negligence) claim.

10

Moreover, discrimination alone does not rise to the level of gross negligence. Alexander v. City of Greensboro, 762 F.Supp.2d 764, 824 (M.D.N.C. 2011); Hammond v. Taneytown Volunteer Fire Co., 2009 WL 3347327 (D.Md. 2009) (allegation that employer failed to protect employee from discriminatory conduct by others failed to state claim for gross negligence). Plaintiff alleges that the Defendants made various omissions in order to terminate her based on an improper discriminatory motive. No other duty is alleged to have been breached. For these reasons this objections must also be overruled.

Lastly, Plaintiff objects to the Magistrate Judge's proposed conclusion that Plaintiff's claim cannot sound in negligence because she has alleged intentional discriminatory conduct. For this objection Plaintiff relies on Bumgardner v. Spotless Enterprises, Inc., 287 F.Supp.2d 630 (W.D.N.C. 2003). In that case, however, the plaintiff did not assert a claim based on gross negligence, but rather one for negligent infliction of emotional distress. In citing the case to support her position, the Plaintiff isolates one quote: "Wrongful termination is not necessarily always intentional." Id. at 638. From this the Plaintiff extrapolates that one may state a claim for wrongful termination based on negligence. The Court in Bumgardner, however, stated

that "based on the inconsistencies in some of the testimony regarding the reasons for terminating Bumgardner, it may well be that the supervisors negligently relied on improper information in deciding to discharge him." Id. There is no such allegation in this case. Plaintiff alleges that the individual Defendants had the intention of terminating Plaintiff's employment because of her sex and her pregnancy. The Plaintiff's reliance on Bumgardner is even more tenuous because the plaintiff in that case did not allege a claim for gross negligence. For these reasons this objection is overruled as well.

Having conducted a de novo review, the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation are hereby rejected and the Recommendation is hereby adopted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 3] is hereby **GRANTED** and the Plaintiff's claim based on gross negligence is hereby **DISMISSED.**

Signed: August 7, 2012

Martin Reidinger
United States District Judge