IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-301

| | |
|---|---|
| JESSICA T. SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| AMYLIN PHARMACEUTICALS, INC., ) | |
| TODD BILLINGSLEY, ) | |
| DENISE PRINDIVILLE, and ) | |
| CAROLINE ESPREE, ) | |
| ) | |
| Defendants. ) | |

On March 11, 2013, the Court conducted a hearing on Plaintiff's Motion for Discovery [# 20]. After a review of the entire record in this case, the relevant legal authority, and after the benefit of oral argument, the Court entered an oral Order grant in part and denying in part the Motion [# 20]. The Court directed counsel for Plaintiff to prepare a proposed order consistent with the Court's oral Order. The Court has largely adopted the proposed order submitted by counsel for Plaintiff. Consistent with the Court's prior oral Order, the Court **GRANTS in part** and **DENIES in part** the motion [# 20].

**I.    Analysis**

A.    <u>Interrogatories</u>

1

1. <u>Interrogatory No. 3</u>: Defendant shall produce the laptop which Plaintiff used during her employment by April 1, 2013, and which is currently in the possession of Amylin. Plaintiff shall have one week in which to have a forensics expert examine the laptop for any relevant documents. The parties shall confer and submit a protective order stating that any information contained on the laptop that is not related to the instant case may not be disclosed to any person, for any reason.

2. <u>Interrogatory No. 7</u>: Defendant's objection to Interrogatory No. 7 is sustained in part, and overruled in part. Defendant shall identify each and every person who was employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida. Defendant shall also provide the dates of employment and job titles of such persons. For those persons who are no longer employed, Defendant shall provide the reasons for their separation or termination, and identify all documents relating to the separation or termination.

3. <u>Interrogatory No. 8</u>: Defendant's objection to Interrogatory No. 8 is sustained in part, and overruled in part. Defendant shall identify each and every

person who was employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who requested paid or unpaid leave from work for a prenatal condition, pregnancy, or postpartum condition. For such persons, Defendant shall state the reason for the requested leave from work; state whether it granted or denied the leave request; state the reason for granting or denying the leave request; identify all documents relating to such request for leave, and the granting or denial of such request for leave.

4. <u>Interrogatory No. 9</u>: Defendant's objection to Interrogatory No.9 is sustained in part, and overruled in part. Defendant shall identify each and every person who was employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who requested paid or unpaid leave from work for any reason other than a vacation leave. For such persons, Defendant shall state

3

the reason for the requested leave from work; state whether the leave was granted or denied; state the reason for granting or denying the leave request; and identify all documents relating to such leave request, and the granting or denial of such requests for leave.

5. <u>Interrogatory No. 10</u>: Defendant's objection to Interrogatory No. 10 is sustained in part, and overruled in part. Defendant shall identify each and every person who was terminated from January 1, 2006, through December 31, 2010, from the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida. For each such person, Defendant shall state the job title of the person terminated; the reason(s) for the person's termination; whether any identified person was later re-employed; whether each identified person requested paid or unpaid leave from work other than vacation leave; and whether each person was granted, or denied, paid or unpaid leave; and identify all documents relating to the same.

6. <u>Interrogatory Nos. 11 – 14</u>: Defendant's objections to Interrogatory Nos. 11 – 14 are sustained in part, and overruled in part. Defendant shall identify each and every person who was employed from January 1, 2006, through

4

December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who:

(a) was alleged to have made misrepresentations regarding his/her work activities to a manger or supervisor, and for each person identified, Defendant shall state whether any investigation, counseling, or disciplinary action was taken with respect to the person, and if so, describe the investigation, counseling, or disciplinary action, and identify all documents relating to such investigation, counseling, or disciplinary action;

(b) was alleged to have entered duplicative and/or false sales call entries, and for each person identified, Defendant shall state whether any investigation, counseling, or disciplinary action was taken with respect the person, and if so, describe the investigation, counseling, or disciplinary action, and identify all documents relating to such investigation, counseling, or disciplinary action;

(c) who was alleged to have violated, or failed to comply with your policies, practices, or guidances regarding interactions or communications with healthcare professionals, and for each person identified, Defendant shall state each person's violation of the policies, practices, or guidances, and state whether any

investigation, counseling, or disciplinary action was taken with respect the person, and if so, describe the investigation, counseling, or disciplinary action, and identify all documents relating to such investigation, counseling, or disciplinary action; and

(d) who was alleged to have misrepresented the fact that he/she was working during working time, when in fact, he/she was not engaged in work activities, or was away from work, and for each person identified, Defendant shall state whether any investigation, counseling, or disciplinary action was taken with respect to the person, and if so, describe the investigation, counseling, or disciplinary action; and identify all documents relating to such investigation, counseling, or disciplinary action.

For all persons identified in response to the foregoing interrogatories, Defendant shall provide the name, address(es), and telephone number(s) for each identified person.

7. <u>Interrogatory No. 17</u>: The parties represented that they have resolved their dispute over interrogatory No. 17, and that Defendant will provide responsive information. Therefore, Plaintiff's motion is denied with respect to Interrogatory No. 17.

B. <u>Document Production Requests</u>

1. <u>Production Request No. 3</u>: Defendant's objection to Production Request No. 3 is overruled. Defendant shall produce a complete copy of the personnel files, and all other files (including but not limited to any investigative files, files related to job assignments given to such persons, filed related to such persons' work performance or conduct, but excluding files containing medical information) that it maintained on Defendants Todd Billingsley, Denise Prindiville, and Caroline Espree, and on Julie Judd.

2. <u>Production Request No. 23</u>: Defendant's objection to Production Request No. 23 is sustained in part, and overruled in part. Defendant shall produce documents relating to requests for paid or unpaid leave from work for a prenatal condition, pregnancy, or postpartum condition, and documents showing whether the leave was granted or denied, made by each and every person who was employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida. Defendant shall not be required to produce medical records for these persons.

3. Production Request No. 24: Defendant's objection to request No. 24 is sustained in part, and overruled in part. Defendant shall produce records relating to any counseling or disciplinary action(s) taken for any reason against each and every person employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who requested paid or unpaid leave from work for a prenatal condition, pregnancy, or postpartum condition, and was granted or denied the requested leave. Defendant shall not be required to produce medical records for these persons.

4. Production Request No. 25: Defendant's objection to Production Request No. 25 is sustained in part, and overruled in part. Defendant shall produce documents relating to the circumstances under which paid or unpaid leave, other than vacation leave, was requested by against each and every person employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South

Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, and documents showing whether such leave request was granted or denied.

5. <u>Production Request No. 26</u>: Defendant's objection to Production Request No. 26 is sustained in part, and overruled in part. Defendant shall produce documents relating to any counseling or disciplinary action(s) taken against each and every person employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who requested paid or unpaid leave from work for any reason other than vacation leave, and was granted or denied the requested leave.

6. <u>Production Request Nos. 27 – 28 and 30 – 31</u>: Defendant's objections to Production Request Nos. 27 – 28 and 30 – 31 are sustained in part, and overruled in part. Defendant shall be required to produce documents relating the circumstances under which each and every person who was employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales

representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida:

(a) was alleged to have made misrepresentations regarding his/her activities during working time to a manger or supervisor, or engaged in personal, non-work activities during working time, and for each person identified, any records relating to any investigation, counseling, or disciplinary action was taken with respect to such persons;

(b) who was alleged to have entered duplicative and/or false sales call entries, or made misrepresentations about their sales activities, or made misrepresentations about their activities during working time, and for each person identified, any records relating to any investigation, counseling, or disciplinary action was taken with respect the person;

(c) who was alleged to have made misrepresentations about their about their activities during working time, including but not limited to misrepresentations about working full days in their territories, and for each person identified, any records relating to any investigation, counseling, or disciplinary action was taken with respect to the person; and

(d) who was alleged to have violated, or failed to comply with its policies, practices, or guidances regarding interactions or communications with healthcare professionals, and for each person identified, any records relating to any investigation, counseling, or disciplinary action taken with respect the person.

7.  <u>Production Request No. 32</u>: Defendant's objection to Production Request No. 32 is sustained in part, and overruled in part.  Defendant is ordered to produce Lighthouse records maintained for each and every person employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative in Maryland, District of Columbia, Virginia, North Carolina, South Carolina, Kentucky, Tennessee, Georgia, Alabama, Mississippi, Louisiana, and Florida, who was accused of falsifying Lighthouse records or falsifying visits with physicians during that period.

8.  <u>Production Request No. 33</u>: Defendant's objection to Production Request No. 33 is overruled.  Defendant shall produce all documents relating to any formal or informal oral, written, or electronic complaints or criticisms made to Defendant about Todd Billingsley, by any former or current employees from January 1, 2005, through the present.

9. <u>Production Request No. 34</u>: Defendant's objection to Production Request No. 34 is overruled. Defendant shall produce all documents relating to any surveys that it conduct of Defendant Todd Billingsley among its employees at any time.

10. <u>Production Request No. 35</u>: Defendant's objection to Production Request No. 35 is overruled. Defendant shall produce all documents showing the job duties and requirements expected of Defendant Todd Billingsley and other district sales managers, in the launch of its pharmaceutical product called "Exenatide Once Weekly" in or about July 2010.

11. <u>Production Request No. 36</u>: Defendant's objection to Production Request No. 36 is overruled. Defendant shall produce all documents showing the job duties and requirements expected of Plaintiff and other sales representatives in the launch of its pharmaceutical product called "Exenatide Once Weekly" in or about July 2010.

12. <u>Production Request No. 39</u>: Defendant's objection to Production Request No. 39 is overruled. Defendant shall produce all documents relating to policies and procedures by which Defendant Todd Billingsley was evaluated for his job performance over the term of his employment with Defendant, and all documents relating to the results of the evaluations.

13. <u>Production Request Nos. 40 and 41</u>:  Defendant's objections to Production Request Nos. 40 and 41 are sustained in part, and overruled in part.  Defendant shall produce the complete personnel files on any individual that Defendant Todd Billingsley caused, in whole or in part, to be terminated over his employment with Defendant.  Defendant shall not be required to produce any medical files on such individuals.

14. <u>Production Request No. 42</u>:  Defendant's objection to Production Request No. 42 is overruled.  Defendant shall produce all documents relating to the recruitment and selection of the person(s) who replaced Plaintiff, following her termination from employment.

15. <u>Production Request No. 43</u>:  Defendant's objection to Production Request No. 43 is overruled.  Defendant shall produce the personnel files, and all other files (including but not limited to files related to job assignments, work performance or conduct, compensation or benefits) that it maintained on the person(s) who replaced Plaintiff, following her termination from employment.

16. <u>Production Request No. 49</u>:  Defendant's objection to Production Request No. 49 is sustained in part, and overruled in part.  Defendant shall produce for each and every person employed from January 1, 2006, through December 31, 2010, in the positions of sales representative, sales specialist, senior sales

representative, district sales manager, regional sales manager, or in any other capacity as a pharmaceutical sales representative, any documents showing the reassignment or realignment of such persons in Defendant's Asheville and/or Hickory, North Carolina geographic sales areas.

17. <u>Production Request Nos. 55, 56, 57, and 61</u>: Defendant's objections to Production Request Nos. 55, 56, 56, and 61 are sustained.

18. <u>Production Request No. 58</u>: Defendant's objection to Production Request No. 58 is overruled. Defendant shall products documents showing the sales of its products to Asheville Endocrinology and Mountain Diabetes in Asheville, North Carolina since January 1, 2005.

19. <u>Production Request No. 59</u>: Defendant's objection to Production Request No. 59 is overruled. Defendant shall produce documents showing the sales of its products in the Asheville territory since January 1, 2005.

20. <u>Production Request No. 60</u>: Defendant's objection to Production Request No. 60 is overruled. Defendant shall produce documents showing the sales of its products in the Hickory territory since January 1, 2005.

21. <u>Production Request No. 63</u>: Defendant's objection to Production request No. 63 is sustained in part, and overruled in part. Defendant shall produce documents relating to oral or electronic communications, or documents relating to meetings, between representatives of Defendant and representatives of Eli Lilly &

Company that concern Plaintiff, or are about Plaintiff, from January 1, 2009 through February 2, 2010.

22. <u>Production Request No. 64</u>: Defendant's objection to Production Request No. 64 is sustained.

23. <u>Production Request No. 66</u>: Defendant's objection to Production Request No. 66 is sustained.

IT IS SO ORDERED.

Signed: April 11, 2013

Dennis L. Howell
United States Magistrate Judge