# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Action No. 1:11-cv-301

| | |
|---|---|
| JESSICA T. SIMPSON, <br><br> Plaintiff, <br><br> vs. <br><br> AMYLIN PHARMACEUTICALS, INC., <br> TODD BILLINGSLEY, <br> DENISE PRINDIVILLE, and <br> CAROLINE ESPREE, <br><br> Defendants. | PROTECTIVE ORDER |

Upon the joint motion of the parties (which term shall include the named parties in the case as well as any third-party subpoenaed person or entity), and their counsel, and Eli Lilly and Company, and its counsel, for the entry of a protective order to control the discovery and dissemination of confidential or proprietary information in this case and for good cause shown, IT IS ORDERED:

1. This Protective Order ("Order") shall apply to the documents, materials and information designated as CONFIDENTIAL pursuant to the terms of this Order, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to subpoenas,

1

2302354.1

deposition testimony, including all copies thereof, and other information disclosed in the context of discovery in this case or disclosed pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2. A party may designate as CONFIDENTIAL or proprietary business information, medical information, personal information, trade secrets, financial data, customer and/or client information, and/or information implicating common law or statutory privacy interests of business entitles or individuals. For purposes of this order, the following categories of documents and information will generally be considered confidential and subject to this Protective Order:

- Trade secrets;

- Confidential or proprietary information, including information about business practices, customer and/or client information, financial or accounting data, and sensitive data;

- Confidential personnel and personal information about the plaintiff or former or current employees or other persons, including but not limited to documents that identify or describe or refer in any way to a person's health, mental or physical condition, medical condition or treatment, disciplinary and/or performance record while employed; social security number; telephone records; mailing or home address; or other identifying information; and/or compensation. With respect to non parties, the following information may be redacted: social security numbers, marital status, medical and health insurance information with the exception of that information specifically requested relating to prenatal condition, pregnancy, or post partum condition, criminal history, and credit information (ie. request for garnishment of wages.)

2302354.1

>All non party personnel and personal information shall be designated "Attorneys' Eyes Only," will not be made available to Plaintiff or any other person or entity other than Plaintiff's attorney or the individual to whom the information belongs, and can only be used for purposes of this litigation.

3. CONFIDENTIAL information shall not be disclosed or used for any purpose except for discovery and investigation of facts in the case, preparation of the case for trial and the trial of this case, and any appeals.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on the case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceeding in the case;

(c) any mediators in the case;

(d) the parties in the case with the exception of information and/or documents related to non party personnel or personal file which will be limited to "attorneys' eyes only" but can be shown to the individual to whom the information belongs;

(e) expert witnesses and consultants retained in connection with this proceeding, to the extent necessary for preparation, trial or other proceedings in this case;

(f) the Court and its employees ("Court Personnel");

2302354.1

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) deponents, witnesses, or potential witnesses;

(i) other persons by written agreement of the parties;

(j) other persons that the Court may order upon motion filed by any party; and

(k) at trial, to the extent admissible.

5. Documents shall be designated CONFIDENTIAL by placing or affixing on them in a manner that will not interfere with their legibility the following notice: "CONFIDENTIAL." If the document did not originate from the party seeking to affix the CONFIDENTIAL label, or was not produced in this action by that party, the CONFIDENTIAL designation will occur upon written notice of that designation provided to all counsel within thirty (30) days after receipt of the information or document containing CONFIDENTIAL information. Subject to the procedures in paragraph 6, upon such notice the document will be treated as CONFIDENTIAL within the meaning of this ORDER.

6. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within thirty (30) days of receipt of the information containing a CONFIDENTIAL designation. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the

objection, it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information shall be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing good cause exists for the designated information to be treated as CONFIDENTIAL.

7. To the extent that any document marked as CONFIDENTIAL is used in the taking of depositions, all such documents and information shall remain subject to the provisions of this Order, along with any transcript pages of the deposition testimony directly dealing with the CONFIDENTIAL document or information. The court reporter should be informed of this Order and will be required to operate in a manner consistent with this Order. Additionally, a party may designate portions of a deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. In the event that a party wishes to use any CONFIDENTIAL information in any affidavits, briefs, memoranda of law, or other papers filed in this litigation, the party shall seek to file such CONFIDENTIAL information under seal with the Court pursuant to any applicable rules. In the event that the Court denies any request by the party to file CONFIDENTIAL information under seal, the filing party shall make every reasonable effort to limit the disclosure of CONFIDENTIAL information (through redaction or otherwise) to only that information which is necessary to establish the fact or law requiring such disclosure.

9. At the conclusion of this case, unless other arrangements are mutually agreeable, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party designating them as CONFIDENTIAL. The parties may agree to destroy CONFIDENTIAL documents by way of a mutually agreed-upon procedure. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Pursuant to Section II(F) of the Court's Pretrial Order And Case Management Plan, the Court may determine the ultimate disposition of any materials designated as CONFIDENTIAL, and/or coming with the scope of this Order on completion of this litigation.

10. This Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

11. This Order is without prejudice to the right of either party to contest the admissibility, discoverability or privileged status of any document or information.

AGREED TO BY:

/s/ Glen C. Shults
Attorney for Plaintiff
Law Offices of Glen C. Shults
P.O. Box 18687
Asheville, North Carolina 28814
Telephone: (828) 251-9676
Fax: (828) 251-0648
E-Mail: shultslaw@bellsouth.net

/s/Jonathan W. Yarbrough
Attorney for Defendants
Constangy, Brooks & Smith, LLP
84 Peachtree Road, Suite 230
Asheville, North Carolina
Telephone: (828)277-5137
Fax: (828) 277-5138
E-Mail: jyarbrough@constangy.com

/s/ Erin Colleran
Attorney for Eli Lilly & Company
Pepper Hamilton, LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 2005-2004
Telephone: (202) 220-1236
Facsimile: (202) 220-1665
E-Mail: collerane@pepperlaw.com

IT IS SO ORDERED.

_____
Dennis L. Howell
United States Magistrate Judge